# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:18-CR-54** |
| | : | |
| v. | : | **(Chief Judge Conner)** |
| | : | |
| **PALMER PRICE, JR.,** | : | |
| | : | |
| **Defendant** | : | |

## **MEMORANDUM**

Defendant Palmer Price, Jr. ("Price") is under indictment for three separate offenses. (Doc. 1). Price seeks dismissal of the enhanced penalty pursuant to the Armed Career Criminal Act ("ACCA" or "the Act") charged in Count 2 of the indictment. (Doc. 26). For the reasons that follow, the court will grant Price's motion.

## I.    **Factual Background & Procedural History**

On February 14, 2018, a federal grand jury sitting in Harrisburg, Pennsylvania, returned a three-count indictment against Price. (Doc. 1). The indictment charged Price with possession with intent to distribute heroin and fentanyl, in violation of 21 U.S.C. of § 841(a)(1) (Count 1); possession of firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 2); and possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3). (Id.) Count 2 also charges Price with the enhanced penalty under the ACCA, pursuant to 18 U.S.C. § 924(e). (Id. at 2).

In support of the enhanced penalty, the government provided Price's state records for three prior convictions, to wit: (1) a 1996 Georgia burglary conviction in

violation of GA. CODE. ANN. § 16-7-1(a); (2) a 1998 Ohio felonious assault conviction in violation of OHIO REV. CODE § 2903.11(A); and (3) a 2009 Pennsylvania drug conviction in violation of 35 PA. STAT. AND CONS. STAT. ANN. § 780-113(A)(30). (See Doc. 30-1). Price moves to dismiss the ACCA enhanced penalty. The motion is fully briefed and ripe for disposition.

## II. Legal Standard

A motion to dismiss a criminal indictment may be brought at any time before trial. See FED. R. CRIM. P. 12(b)(3). A motion to dismiss the indictment may allege a defect in instituting the prosecution, including improper venue, violation of the constitutional right to a speedy trial, or selective prosecution. See FED. R. CRIM. P. 12(b)(3)(A). A motion to dismiss may also be premised on perceived substantive deficiencies, including duplicity or multiplicity in the indictment, lack of specificity, improper joinder, or failure to state an offense. See FED. R. CRIM. P. 12(b)(3)(B). In the context of a motion to dismiss, the court is obliged to test the sufficiency of the government's *allegata* but not the sufficiency of the government's *probata*. United States v. Huet, 665 F.3d 588, 594-95 (3d Cir. 2012). The court must decide every pretrial motion before trial unless good cause exists to defer its ruling. See FED. R. CRIM. P. 12(d).

## III. Discussion

The ACCA compels a mandatory minimum sentence of fifteen years' imprisonment for defendants convicted under 18 U.S.C. § 922(g) who have acquired three prior, adult convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). The Act defines the term "violent felony" to include any offense

punishable by imprisonment for more than one year which falls within one of two categories: (1) crimes having "as an element the use, attempted use, or threatened use of physical force against the person of another"; and (2) crimes of burglary, arson, or extortion, or which involve use of explosives.[1]  Id. § 924(e)(2)(B)(i)-(ii). Courts refer to the first clause as the "force clause" and the second as the "enumerated offenses clause."

Courts typically utilize a "categorical approach" to determine whether a prior conviction qualifies as a predicate felony.  Mathis v. United States, 579 U.S. __, 136 S. Ct. 2243, 2248 (2016).  Under the ACCA's force clause, a court reviewing whether a conviction is a crime of violence must determine whether "the use or threat of physical force [against the person of another]" is an element of the offense of conviction.  United States v. Chapman, 866 F.3d 129, 134 (3d Cir. 2017), cert. denied, 138 S. Ct. 1582 (2018).  If the criminal statute possesses this element, or defines physical force more narrowly than the ACCA, the conviction qualifies as a predicate offense.  Id.; see United States v. Oliver, 728 F. App'x 107, 109 (3d Cir. 2018) (nonprecedential).

When applying the categorical approach to an enumerated offense, a court first identifies the elements of the generic enumerated offense.  See Taylor v. United States, 495 U.S. 575, 598 (1990).  The court then measures the elements of

---

[1] The statute defines a third "violent felony" category as crimes which "otherwise involve[] conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii).  The Supreme Court invalidated this "residual clause" of the ACCA as unconstitutionally vague.  Johnson v. United States, 576 U.S. __, 135 S. Ct. 2551, 2557 (2015).

the crime of conviction against the elements of the generic offense. Mathis, 136 S. Ct. at 2248; United States v. Abbott, 748 F.3d 154, 157 (3d Cir. 2014). A prior conviction will qualify as a predicate offense under the categorical approach "only if the statute's elements are the same as, or narrower than, those of the generic offense." Descamps v. United States, 570 U.S. 254, 257 (2013). Any "mismatch of elements" will disqualify a conviction as an ACCA predicate. Mathis, 136 S. Ct. at 2251.

Courts apply an alternative metric known as the "modified categorical approach" when the statute of conviction identifies "multiple, alternative elements, rather than a single, indivisible set of elements." Abbott, 748 F.3d at 157-58 (internal quotation marks omitted) (citing Descamps, 570 U.S. at 257-64). This approach allows a court to identify the particular crime of conviction from among the various alternatives "so that the court can compare it to the generic offense" or the ACCA's definition of physical force. Descamps, 570 U.S. at 264; see Oliver, 728 F. App'x at 110; Chapman, 866 F.3d at 134.

Price argues that none of his three prior convictions qualify as predicate offenses under the ACCA. He avers that his convictions for burglary in Georgia and felonious assault in Ohio do not constitute violent felonies. He further contends that his conviction for manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance in Pennsylvania does not qualify as a serious drug offense. We will address Price's prior convictions *seriatim*.

4

### A. The Enumerated Offenses Clause: Burglary

The ACCA identifies burglary, arson, extortion, and crimes involving explosives as enumerated predicate felonies. See 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court has held that, in enumerating these crimes, Congress intended to refer only to the "generic" version of the offense—or "the offense as commonly understood." Mathis, 136 S. Ct. at 2247-48 (citing Taylor, 495 U.S. at 598). The parties dispute whether Price's prior conviction for burglary under Georgia law constitutes burglary in the generic sense as contemplated by the Act.

For purposes of the ACCA, the three elements of generic burglary are (1) the "unlawful or unprivileged entry into, or remaining in," (2) "a building or structure," and (3) "with intent to commit a crime." Thomas v. Attorney Gen., 625 F.3d 134, 142 (3d Cir. 2010) (quoting Taylor, 495 U.S. at 598-99). Price asseverates that Georgia burglary is broader than generic burglary in two significant respects: *first*, he asserts that Georgia's statute does not require that the entry be unlawful; and *second*, the scope of locations one can burglarize includes non-buildings such as vehicles, railroad cars, watercraft, and aircraft. (Doc. 27 at 14).

As a threshold matter, we must determine whether Georgia's burglary statute is indivisible or divisible. At the time of Price's conviction in 1996, Georgia's burglary statute read as follows:

> A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another or any building, vehicle, railroad car, watercraft, or other such structure designed for use as the dwelling of another or enters or remains within any other building, railroad car, aircraft, or any room or any part thereof. A

5

> person convicted of the offense of burglary, for the first such offense, shall be punished by imprisonment for not less than one nor more than 20 years. For the purposes of this Code section, the term "railroad car" shall also include trailers on flatcars, containers on flatcars, trailers on railroad property, or containers on railroad property.

GA. CODE ANN. § 16-7-1(a) (1980). The Eleventh Circuit Court of Appeals recently held, following an extensive review of Supreme Court and Georgia case law, that Georgia's burglary statute is divisible. United States v. Gundy, 842 F.3d 1156, 1168 (11th Cir. 2016), cert. denied 138 S. Ct. 66 (2017).

The Georgia burglary statute uses three alternative location elements, to wit: (1) "the dwelling house of another" (2) "any building, vehicle, railroad car, watercraft, or other such structure designed for use as the dwelling of another"; and (3) "any other building, railroad car, aircraft, or any room or any part thereof." GA. CODE ANN. § 16-7-1(a) (1980). The Eleventh Circuit determined that these three subsets were elements of the offense, creating three different crimes rather than multiple means of committing the same crime. Gundy, 842 F.3d at 1167 (citing Descamps, 570 U.S. at 257). Contrasting burglary statutes in Iowa and Alabama, the court noted that Georgia's burglary statute "does not use a single locational element," nor does it "contain a definition elsewhere that provides a non-exhaustive laundry list of other places or locations." Id. at 1166 (citing Mathis, 136 S. Ct. 2243; United States v. Howard, 742 F.3d 1334 (11th Cir. 2014)). The court further noted that Georgia case law makes clear that prosecutors charging a defendant with burglary "must charge the particular place or premises burgled and the specific location of that place or premises." Id. at 1167 (collecting cases). Divisible statutes

6

typically require prosecutors to "select the relevant element from [the] list of alternatives." Id. (quoting Descamps, 570 U.S. at 272). We agree with the Eleventh Circuit's *ratio decidendi* and conclude Georgia's statute is divisible, requiring application of the modified categorical approach.

Under the modified categorical approach, courts look to a limited class of documents "to determine what crime, with what elements, a defendant was convicted of." Mathis, 136 S. Ct. at 2249 (citations omitted). When a defendant pled guilty, this inquiry is "limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy . . . in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." See Shepard v. United States, 544 U.S. 13, 26 (2005). The Georgia prosecutor charged that Price, "unlawfully then and there without authority and with the intent to commit a theft therein, enter[ed] the dwelling house" of the victim in violation of Georgia law. (Doc. 30-1 at 6). Hence, Price's Georgia burglary conviction involved these three elements: (1) an unlawful entry without authority, (2) into a dwelling house, (3) with the intent to commit a theft therein. See GA. CODE ANN. § 16-7-1(a) (1980).

The location element of Price's prior Georgia burglary conviction conforms to the generic definition of burglary. A dwelling house falls within generic burglary's "building or structure" element. See Taylor, 495 U.S. at 598-99. But Georgia's burglary statute is more expansive than generic burglary appertaining the entry element. Generic burglary requires the "unlawful or unprivileged entry into" a structure. Taylor, 495 U.S. at 598. The Supreme Court has clarified that this entry

7

element "requires breaking and entering or similar unlawful conduct." Descamps, 570 U.S. at 275. In 1968, Georgia eliminated the "breaking requirement such that proof of a forced entry was no longer a required element of burglary." State v. Newton, 755 S.E.2d 786, 789 (Ga. 2014). When Price was convicted, a person committed burglary in Georgia when he or she "without authority[,] . . . enter[ed] or remain[ed]" in a location. GA. CODE ANN. § 16-7-1(a) (1980). The statute defined "without authority" as "without legal right or privilege or without permission of a person legally entitled to withhold the right." Id. § 16-1-3(18) (1982). The entry element of Georgia's burglary statute is broader than generic burglary because it encompasses conduct such as the fraudulent procurement of access to a location and remaining in a location once permission has been revoked. See Newton, 755 S.E.2d at 789-90. Therefore, Price's prior conviction for burglary in Georgia does not constitute a crime of violence.

### B. The Force Clause: Felonious Assault

A crime is a "violent felony" under the ACCA when it is punishable by a term of imprisonment exceeding one year and incorporates as an element "the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The Supreme Court has instructed that the Act's use of "the word 'violent' . . . connotes a substantial degree of force" or "force capable of causing physical pain or injury to another person." Johnson v. United States, 559 U.S. 133, 140 (2010). Merely offensive or slight physical touching does not constitute physical force under the Act. See id. at 139-40. The force exerted must be

8

physical—"exerted by and through concrete bodies"—rather than intellectual or emotional in nature. Id. at 138.

In 1998, Price was convicted of felonious assault in violation of OHIO REV. CODE ANN. § 2903.11(A). (Doc. 30-1 at 1-3). Ohio's felonious assault statute criminalizes knowingly "caus[ing] serious physical harm to another" or "caus[ing] or attempt[ing] to cause physical harm to another by means of a deadly weapon or dangerous ordnance." OHIO REV. CODE ANN. § 2903.11(A)(1)-(2) (1983), amended by 1996 Ohio Laws 158, codified as amended OHIO REV. CODE ANN. § 2903.11(A)(1)-(2) (2017); see also State v. Deem, 533 N.E.2d 294, 299 (Ohio 1988).

Our inquiry begins and ends with the statute's definition of "serious physical harm" and "physical harm."[2] Under Ohio law, "[s]erious physical harm to persons" includes, *inter alia*, "[a]ny mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment." OHIO REV. CODE ANN. § 2901.01(A)(5)(a). "[I]llness" and "physiological impairment" constitute "[p]hysical harm to persons" under the statute. Id. § 2901.01(A)(3). Physical force "exerted by and through [a] concrete bod[y]" is not necessary to cause these mental and emotional harms. See Johnson. 559 U.S. at 138-40. Both clauses of Section 2903.11(A) implement a more expansive understanding of "physical harm" than the ACCA. This categorical mismatch disqualifies Price's Ohio felonious assault conviction as a predicate offense.

---

[2] The parties do not appear to dispute that the statutory subsection defining Ohio felonious assault is indivisible. (Compare Doc. 27 at 7-8 with Doc. 30 at 5-9). Our analysis *infra* leads to the same result regardless of whether Ohio felonious assault is a divisible or indivisible offense.

9

In the absence of any Third Circuit authority on this issue, the government urges the court to rely on the Sixth Circuit's determination that Ohio felonious assault qualifies as a violent felony. See United States v. Anderson, 695 F.3d 390 (6th Cir. 2012). The Sixth Circuit in Anderson determined that Ohio's aggravated assault statute "necessarily requires proof that the defendant used force capable of causing physical pain or injury" because the statute criminalizes the infliction of physical harm "by means of a deadly weapon or dangerous ordnance." Id. at 400 (internal quotations omitted) (quoting OHIO REV. CODE ANN. § 2903.12(A)(2)). Observing that Section 2903.11(A) (felonious assault) and Section 2903.12(A) (aggravated assault) are identical, the court held that Ohio felonious assault too is a violent felony under the ACCA. Id. at 402; compare OHIO REV. CODE ANN. § 2903.11(A)(1)-(2) with id. § 2903.12(A)(1)-(2). Beyond this superficial comparison, the Anderson court did not meaningfully engage with the statute's definitions of physical harm and serious physical harm. Moreover, in a recent opinion, the Sixth Circuit cast serious doubt on the continuing validity of Anderson. Williams v. United States, 875 F.3d 803, 807-09 (6th Cir. 2017) (Moore, J. concurring in the judgment), reh'g *en banc* granted, judgment vacated, 882 F.3d 1169 (2018). For these reasons, we decline to adopt Anderson's cursory analysis.

**C.     Serious Drug Offense: Controlled Substance**

The parties also dispute whether Price's 2009 Pennsylvania drug conviction qualifies as a predicate serious drug offense under the ACCA. Section 780-113 prohibits both "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance" by an unregistered or unlicensed person and

10

"knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance."  35 PA. STAT. AND CONS. STAT. ANN. § 780-113(a)(30).  Price argues that the statute's definition of "delivery" covers a broader swath of conduct than the Act's definition of "serious drug offense."  (Doc. 27 at 19-20; Doc. 35 at 4); compare 35 PA. STAT. AND CONS. STAT. ANN. §§ 780-102(b), -113(a)(30) with 18 U.S.C. § 924(e)(2)(A)(ii).  He correctly notes that the Third Circuit has not yet ruled on whether Section 780-113(a)(30)'s definition of "delivery" sweeps more broadly than the Act's definition of a "serious drug offense."[3]  (Doc. 35 at 5).  We need not engage in speculation on this point; assuming *arguendo* that the 2009 Pennsylvania drug conviction constitutes a serious drug offense, Price would have at most one ACCA predicate offense.  Price no longer qualifies for the enhanced sentencing provisions of the ACCA.

## IV. Conclusion

The court will grant Price's motion (Doc. 26) to dismiss the ACCA's enhanced penalty.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:   September 17, 2018

---

[3] The government points to Abbott for the proposition that the Third Circuit has already decided this issue.  (Doc. 30 at 18).  However, the court's holding was limited to the issue of whether Section 780-113(a)(30) is divisible as to the drug identity element.  See Abbott, 748 F.3d at 159-60.